**ADVANCED ORTHOPEDIC DESIGNS, L.L.C., Plaintiff,**

v.

**Eric K. SHINSEKI, Secretary, United States Department of Veterans Affairs and the United States of America, Defendants.**

**Civil No. SA–11–CA–1060–PM.**

United States District Court,
W.D. Texas,
San Antonio Division.

Aug. 2, 2012.

Nathan G. Roach, Todd A. Prins, Prins Law Firm, San Antonio, TX, for Plaintiff.

John F. Paniszczyn, U.S. Attorney's Office, San Antonio, TX, for Defendants.

## MEMORANDUM DECISION AND ORDER

PAMELA A. MATHY, United States Magistrate Judge.

### A. Brief Summary of Procedural History

This case was initiated in this Court on December 8, 2011, when defendants Erik K. Shinseki, Secretary of the United States Department of Veterans Affairs ("Secretary" or "Shinseki") and the United States (collectively, "defendants") removed plaintiff's state proceeding, *In Re Advanced Orthopedic Designs, L.L.C.*, a verified petition for pre-suit discovery, filed in Bexar County Court at Law No. 10 on November 10, 2011.[1] According to the

1. Docket no. 1 & exhibit 1 ("verified petition for pre-suit discovery").

verified petition for pre-suit discovery, plaintiff seeks to depose by written questions the custodian of records for Audie Murphy Memorial VA Hospital, South Texas Veterans Health Care System ("Audie Murphy VA Hospital") and Mr. Manuel Serer, the Assistant Chief of Prosthetics at Audie Murphy VA Hospital, and to depose by oral examination Mr. Ernest Wilkins and Mr. Ralph Smith, residents of San Antonio, in their official capacities.[2] The verified petition seeks the production of records by the custodian, and attached to the verified petition is a proposed protective order to govern the use and dissemination of documents produced.[3] According to the petition, plaintiff seeks testimony and records regarding "contracts, the performance thereof, and the referral and treatment processes practiced by the prosthetics department in the San Antonio facilities of the South Texas Veterans Health Care System"[4] and "the practices and procedures in the prosthetics department surrounding referral and treatment of patients."[5] The petition asserts plaintiff seeks the information "to investigate a potential claim by [plaintiff] relating to contracts, the performance thereof, and the referral and treatment processes practiced by the prosthetics department at the [Audie Murphy VA Hospital]."[6]

The Audie Murphy VA Hospital responded (after receiving a copy of the verified petition by facsimile) that "VA employees may only provide testimony or disclose official VA information in accordance with VA regulations" and supplied some information about the regulatory requirements, often referred to as *"Touhy* regulations."[7] In accordance with state court procedures set out in Rule 202.3(a) of the Texas Rules of Civil Procedure, on or about December 5, 2011, plaintiff sought a hearing in state court on its verified petition, and a hearing was scheduled to occur on December 15, 2011, in Bexar County Court at Law No. 10.[8] On December 8, 2011, defendants filed their notice of removal, removing plaintiff's petition to this Court, and notifying Bexar County Court at Law that the action had been removed and of the statutory prohibition on the state court conducting any further proceedings until the case might be remanded.[9]

On the same day as removing the case, December 8, 2011, defendants filed a motion for extension of time to move, plead or otherwise defend.[10] Defendants argued that plaintiff had not yet served a summons and a copy of the verified petition in accordance with federal law and procedure and requested sixty days from the date of effective service to file an answer or other responsive pleading to the verified petition.[11]

On March 37, 2012, the parties filed their separate consents to having a United States Magistrate Judge conduct all pro-

---

**2.** *Id.,* verified petition for pre-suit discovery at 1.

**3.** *Id.,* verified petition for pre-suit discovery at 3 & attached "protective order for pre-suit discovery."

**4.** *Id.,* verified petition for pre-suit discovery at 1.

**5.** *Id.,* verified petition for pre-suit discovery at 3.

**6.** *Id.,* verified petition for pre-suit discovery at 1.

**7.** *Id.,* exhibit 2 (Nov. 15, 2011 letter).

**8.** *Id.,* exhibit 3 (Dec. 5, 2011 facsimile cover sheet & attached two-page notice file stamped Dec. 5, 2011).

**9.** *Id.* & exhibit 4 (Dec. 8, 2011 letter).

**10.** Docket no. 2.

**11.** *Id.* at 1–2.

ceedings in the case.[12] On March 28, 2012, United States District Judge Orlando L. Garcia transferred and assigned this case to the undersigned for all proceedings.[13]

On April 11, 2012, the Court denied plaintiff's motion to remand the case to Bexar County Court at Law No. 10, relying on the November 9, 2011 amendment to 28 U.S.C. § 1442 which provides that the term "civil action" as used in the removal statutes, includes "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents is sought or issued."[14] In so ruling, the Court rejected plaintiff's argument that a petition for pre-suit discovery sought in state court pursuant to Rule 202 of the Texas Rules of Civil Procedure is not removable.[15] The same order also granted defendants' motion seeking more time to file an answer or other responsive pleading to plaintiff's verified petition until sixty days sixty (60) days from the date plaintiff accomplished date of effective service of a summons and a copy of plaintiff's verified petition on defendants and, accordingly, vacated a March 23, 2012 scheduling order.[16]

On May 15, 2012, the Court entered an order to show cause to plaintiff regarding timely service.[17] The order noted that the docket sheets did not reflect any information to show plaintiff was pursuing or had obtained effective service of process on defendants after the April 11 order and that more than 120 days have expired since the initiation of the suit in state court on November 10, 2011.[18] On May 29, 2012, plaintiff filed a combined response to the May 15 order and motion for additional time, not more than thirty days, to accomplish service or establish that service under the state court rules "suffices for the purposes of this proceeding."[19] The CM/ECF record of docket entries for this case reflects that on May 29, 2012, plaintiff also asked that summons issue,[20] and on May 30, 2012, the District Clerk's Office issued summons.[21]

On June 5, 2012, defendants filed a reply to plaintiff's response to the order to show cause arguing, in sum, that: (a) as this Court has ruled the case was properly removed, the Federal Rules of Civil Procedure apply, not the state court rules; (b) on April 11, 2012, the Court granted defendants' motion for more time to move, plead or otherwise respond until sixty days after plaintiff had accomplished effective service in an order that noted that plaintiff had not filed a response or objection to the motion, and plaintiff has not demonstrated it should be afforded more time to address service; (c) plaintiff has not demonstrated "good cause" for more time to accomplish effective service.[22] Defendants take issue with plaintiff's characterization that "the United States may be resisting discovery

12. Docket nos. 9 and 10.

13. Docket no. 11.

14. Docket no. 12.

15. *See generally id.* and docket no. 3.

16. Docket no. 12.

17. Docket no. 13.

18. Under FED.R.CIV.P. 4(m), if the 120–day time period to accomplish effective service of process began running on November 10,

2011, the 120 days expired on or about March 10, 2012.

19. Docket no. 15 at 4.

20. Docket no. 14.

21. *See* un-numbered docket entry dated May 30, 2012.

22. Docket no. 17 at 1–2.

as a matter of policy or administrative inertia," arguing that the United States requires service in accordance with the rules, in part because of the volume of civil cases in which it is involved and, further, if service is accomplished, defendants may file a motion to dismiss the case.[23]

The following day, on June 6, 2012, the Court entered an order that granted in part and denied in part plaintiff's motion to extend time.[24] The order granted plaintiff an extension of time until July 2, 2012 to accomplish and demonstrate effective service of process on defendants in accordance with the Federal Rules of Civil Procedure, but otherwise denied plaintiff's request for an extension to prove that "service under state court rules suffices for purposes of this proceeding." [25] The ruling noted:

> To the extent plaintiff now asks for more time to show that service in accordance with Texas procedure may suffice, plaintiff has failed to demonstrate why it did not advance such arguments on or about December 22, 2011, when the time for it to respond to defendants' motion for more time appears to have expired. Now, after almost six months after the issue of service was first raised in defendants' December 8, 2011 motion, almost two months after the Court's April 11, 2012 ruling to grant defendants more time to plead until effective service had been accomplished, and only after the Court issued an order to show cause to plaintiff on May 15, 2012 regarding service, plaintiff has not demonstrated it would be appropriate for the Court to

reconsider its April 11 ruling or afford plaintiff more time to ask the Court to reconsider the ruling. It is clear the United States has not waived service. Plaintiff has not explained why it could not have earlier presented any arguments on the applicability of the Federal Rules of Civil Procedure to the issue of effective service in this case.[26]

On June 19, 2012, defendants filed a motion to dismiss.[27] On July 2, 2012, plaintiff filed its combined motion for extension of time to respond and response in opposition to dismissal.[28] On July 9, 2012, defendants filed a combined response and reply.[29]

**B. Defendants' Motion to Dismiss; Plaintiff's Motion for Extension of Time**

**1. summary of arguments**

Defendants advance five main arguments in support of their request that plaintiff's petition be dismissed with prejudice.[30] First, defendants argue plaintiff has not exhausted available administrative remedies that are, as a matter of law, a prerequisite to suit in federal Court. More specifically, defendants argue the so-called "Touhy Regulations," upheld by the United States Supreme Court, permit federal employees, upon direction of their superiors, to refuse to produce documents requested by subpoena until regulatory procedures addressing the release of the materials are followed and the release of the information is approved.[31] Attachment 1 to defendants' motion is a copy of a November 15, 2011 letter from a staff

**23.** *Id.* at 2.

**24.** Docket no. 18.

**25.** *Id.* at 7–8.

**26.** *Id.* at 6–7.

**27.** Docket no. 19.

**28.** Docket no. 21.

**29.** Docket no. 22.

**30.** Docket no. 19 at 2–7.

**31.** *Id.* at 2–4.

attorney with the Department of Veterans Affairs to the attorney for plaintiff which, in sum, informed plaintiff that until it complied with the Touhy regulations, an employee of the Department of Veterans Affairs would not be able to provide documents or testimony.[32]

Second, defendants argue the Federal Rules of Civil Procedure apply to this removed case, not Texas Rule of Civil Procedure 202, and the federal rules do not allow pre-suit discovery under these circumstances and plaintiff's "case should be dismissed with prejudice for failure to state a claim upon which relief can be granted."[33] Third, because this Court's jurisdiction is "derivative" of the state court's jurisdiction and state courts have no jurisdiction to compel discovery against federal entities in the context before the Court, plaintiff's case should be dismissed with prejudice.[34] Fourth, defendants argue sovereign immunity prevents the enforcement of a subpoena against the United States, its agencies and employees.[35] Fifth, defendants argue federal law prevents the pre-suit discovery plaintiff seeks and preempts any state law or procedure that might allow pre-suit discovery in certain situations.[36] In concluding, defendants ask that "all taxable costs be assessed against Petitioners."[37]

In response, plaintiff argues the Touhy regulations are "not an absolute bar to discovery" and simply because it is possible that the VA may not approved the "limited records" and "deposition of a single VA employee" should not be a reason to deny discovery.[38] Instead, of simply denying the request for discovery because the VA legal counsel has not approved the release, the Court should apply the balancing test "of Fed.R.Civ.P. 26(b)(2) to determine whether the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."[39] Further, plaintiff argues that to remove the case, defendants were required to establish federal subject matter jurisdiction and now must not be heard to disclaim that this Court has jurisdiction to order the pre-suit discovery plaintiff seeks.[40] Plaintiff advances an argument that the discovery it seeks should be permitted under Rule 27 of the Federal Rules of Civil Procedure.[41] Plaintiff opposes a dismissal with prejudice, arguing that a dismissal without prejudice would be the appropriate option under these circumstances, and also opposes an assessment of costs against it.[42] Finally, plaintiff asks for more time to amend its pleadings; plaintiff does not specify how or when it would amend or argue that an amendment would cure the defects at issue.[43]

---

32. *Id.,* attachment 1.

33. *Id.* at 4–6.

34. *Id.* at 6.

35. *Id.* at 6–7.

36. *Id.* at 7.

37. *Id.*

38. Docket no. 21 at 1–2 (citing *United States v. Reynolds,* 345 U.S. 1, 9–10, 73 S.Ct. 528, 97 L.Ed. 727 (1953)).

39. *Id.* at 2 (quoting *Bradley v. Lockheed Martin Corp.,* 2006 U.S. Dist. LEXIS 53794 (S.D.Miss. July 10, 2006)).

40. *Id.* at 2–5.

41. *Id.* at 4.

42. *Id.* at 5.

43. *Id.* at 5–6.

In reply, defendants emphasize that "Petitioner cites no jurisdictional basis upon which their desired discovery can go forward," nor has plaintiff alleged a valid cause of action or provided any "hint . . . as to how they would amend to create a valid cause of action." [44] Defendants distinguish the case upon which plaintiff relies for its application of a balancing test and discovery, noting that the case addressed the government's assertion of an evidentiary privilege in a Federal Tort Claims Act case and on-going discovery, not the Touhy regulations. [45] Further, defendants note that plaintiff has not addressed grounds for dismissal based on sovereign immunity, the supremacy clause, lack of derivative jurisdiction, or federal preemption. [46] Defendants argue that, contrary to plaintiff's argument to the contrary, had the case remained in state court and not been removed, the federal government would have moved to dismiss the case "citing the well developed case law that state courts lack jurisdiction over compelling federal employees to testify or provide federal records in this context" and would have removed any ruling to the contrary. [47] Defendants argue that simply because they could remove plaintiff's case successfully to this court did not mean the federal government "forfeits or somehow waives any basis for dismissal of the Petitioner's underlying cause of action on jurisdictional grounds," noting that plaintiff cites no authority demonstrating the contrary. [48] Defendants assert that plaintiff has not stated a ground for discovery under Rule 27 of the Federal Rules of Civil Procedure or any proffer of how it could amend to cure the defects in its position. Again, defendants ask for dismissal with prejudice and the taxing of costs.

### 2. discussion

It appears to be undisputed that plaintiff has not complied with the Touhy regulations, despite receiving notice of the regulations and the VA procedures regarding requests for information and records at least by November 15, 2011—or more than eight months ago. Nothing in the argument or record demonstrates otherwise. [49] Notwithstanding the administrative remedy set out in the Touhy regulations—plaintiff determined a better course of action for plaintiff would be to seek pre-suit discovery under Texas Rule 202 and filed a state petition on November 10, 2011 and seek a hearing on the petition for December 15, 2011, by notice filed on December 5, 2011. Defendants removed the state case to this Court. On April 11, 2012, after full briefing, this Court entered a ten-page order denying plaintiff's motion to remand and ruling on relating matters, citing, in part, the provisions of 28 U.S.C. § 1442 which provides that civil actions relating to the issuance/enforcement of a subpoena for testimony or documents are removable. [50]

Although plaintiff argues that its failure to comply with the Touhy regulations should not be dispositive of whether it can pursue its request for pre-suit discovery in this Court and urges the Court not to dismiss its petition, plaintiff cites no au-

---

44.  Docket no. 22 at 1–2.

45.  *Id.* at 2.

46.  *Id.*

47.  *Id.* at 2–3.

48.  *Id.* at 3.

49.  To be specific, nothing in the record shows that plaintiff submitted a request in compliance with the Touhy regulations, the VA refused a request for information made under the Touhy regulations, or the VA authorized the release of the documents and oral depositions plaintiff seeks.

50.  Docket no. 12 at 7–9.

thority that would permit the general presuit discovery it seeks to undertake against the federal agency and certain of its employees in their official capacities. This Court lacks the subject matter jurisdiction to award plaintiff the relief it seeks. If subject matter jurisdiction arguably does exist, plaintiff has failed to state a claim for relief.

■ On the question of subject matter jurisdiction, defendants have argued that this Court's subject matter jurisdiction is derivative of the state court's jurisdiction, and the state court lacked subject matter jurisdiction to compel discovery against the Audie Murphy VA Hospital and the VA employees in the context before the Court such that this Court lacks subject matter jurisdiction.[51] In response, plaintiff argues defendants, the parties seeking removal, bore "the burden of establishing facts establishing proper subject-matter jurisdiction over the cause"[52] and the position it takes in its motion to dismiss—that this Court lacks subject matter jurisdiction—is "illogical" and should not be permitted.[53] But, plaintiff cites no authority to show that a court might not hold that removal jurisdiction is proper, such that a civil action seeking documents and information from the federal government has been properly removed from state court to federal court pursuant to § 1442, without necessarily determining that this court has the subject matter jurisdiction to award the relief sought by plaintiff in the removed petition. Further, defendants also have argued, and presented authority to show, this Court lacks subject matter jurisdiction because sovereign immunity prevents the enforcement of a subpoena against the United States, its agencies and employees. Plaintiff's response does not address sovereign immunity or demonstrate that a dismissal based on sovereign immunity is not properly considered to be a dismissal for want of subject matter jurisdiction.

■ On the question of whether plaintiff has stated a claim for relief—a question only addressed if the Court has subject matter jurisdiction—plaintiff again argues that defendants are taking an "illogical" position that is contrary to their position at the time of removal; that is, plaintiffs assert that because a case that does not set forth a claim for relief is not removable, defendants necessarily must be understood to have conceded plaintiff stated a claim upon which relief may be granted when defendants removed plaintiff's state court petition.[54] Plaintiff cites no authority in support of its remarkable contention that a defendant who establishes proper removal jurisdiction under § 1442 is thereafter estopped from contesting that the "live" pleading that is removed states a claim for relief. Acceptance of plaintiff's position would mean that a party defendant would be forced to chose between allowing a state court to address a claim barred by, for example, sovereign immunity or exercise an available, proper basis for removal and be precluded from challenging the subject matter jurisdiction of the court after removal or the statement of plaintiff's claim for relief—a position for which plaintiff cites no binding or persuasive authority. Although plaintiff continues to ar-

<hr/>

**51.** Contrary to plaintiff's suggestion that defendants have changed their position, the Court has noted that defendant's notice of removal itself states: "[B]ecause the state court lacks jurisdiction, the removal court also lacks jurisdiction pursuant to the doctrine of derivative jurisdiction and therefore is subject to dismissal in district court." Docket no. 1 at 2.

**52.** Docket no. 21 at 3.

**53.** *Id.* at 3–4.

**54.** *Id.* at 4.

gue that its subpoenas and notices of depositions are permissible pre-suit discovery under state court rules and procedures, plaintiff does not demonstrate that the state procedures for pre-suit discovery apply in this Court.[55] Plaintiff argues that "Touhy is not a magic want whose invocation immediately terminates discovery." But, the supporting decision cited by plaintiff, *Reynolds*, is not a case interpreting Touhy.[56] Plaintiff argues the balancing test applicable to requests for discovery under Rule 26 of the Federal Rules of Civil Procedure should be applied, instead of an automatic reliance on Touhy, and that rule supports disclosure. But, Rule 26 applies to discovery in an on-going federal civil case, a matter at issue. Relatedly, plaintiff argues the discovery it seeks is permissible under Rule 27 of the Federal Rules of Civil Procedure.[57] But, other than asserting Rule 27(a) addresses pre-suit discovery, does not demonstrate that the requirements of Rule 27(a) are satisfied. Plaintiff simply speculates that there may—or may not—be a future federal law-

suit[58] and does not explain why the witness or information may be lost.

In sum, plaintiff cites no authority that would permit the general pre-suit discovery it seeks to undertake against the federal government in this Court. This Court lacks the subject matter jurisdiction to award plaintiff the relief it seeks. If subject matter jurisdiction arguably does exist, plaintiff has failed to state a claim for relief.

Finally, although plaintiff's July 2 response includes a general request for "a brief extension of time to respond or amend,"[59] plaintiff does not further address why it might require more time to respond to defendants' motion to dismiss and includes only two sentences of argument, supported by a citation to a First Circuit case, in support of its request for an opportunity to allow "a curative amendment."[60] But, the viability of plaintiff's state court petition has been at issue for almost eight months, since December 8, 2011, when defendants, through their peti-

**55.** *Id.* at 1–2, 4–5.

**56.** *See id.* at 1–2. In *Reynolds*, the Supreme Court held that "when the formal claim of privilege was filed by the Secretary of the Air Force, under circumstances indicating a reasonable possibility that military secrets were involved, there was certainly a sufficient showing of privilege to cut off further demand for the document...." 345 U.S. at 10–11, 73 S.Ct. at 533.

**57.** Rule 27(a)(1) provides:

A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
(A) that the petitioner expects to be a party to an action cognizable in a United States

court but cannot presently bring it or cause it to be brought;
(B) the subject matter of the expected action and the petitioner's interest;
(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
(E) the name, address, and expected substance of the testimony of each deponent. FED.R.CIV P. 27(a)(1).

**58.** *See* docket no. 21 at 4 ("There is also the possibility that the testimony will result in litigation that does not involve the United States at all....").

**59.** *Id.* at 1.

**60.** *Id.* at 6 (citing *Travelers Indem. Co. v. Dammann & Co.,* 594 F.3d 238, 245 (1st Cir. 2008)).

tion for removal, clearly put plaintiff on notice of its view that both the state court and this Court lack subject matter jurisdiction to award plaintiff the relief it seeks.[61] Plaintiff has not tendered a proposed amended complaint or presented any proffer of facts or advanced any argument to show how a specific proposed amendment would be "curative." As acknowledged by plaintiff, the opportunity to amend is not an issue if the amendment would be "futile."[62] To the extent the time between July 2 and the date of this order did not afford plaintiff the "brief continuance" it sought, there is no ground in the record thus far developed for the Court to conclude that amendment would not be futile. Accordingly, plaintiff has not demonstrated it should be afforded more time to respond or amend.

## C. Conclusion

Accordingly,

**IT IS ORDERED** that plaintiff's motion for extension of time to respond or amend[63] is **DENIED.**

**IT IS ALSO ORDERED** that defendants' motion to dismiss[64] is **GRANTED** and plaintiff's "verified petition for pre-suit discovery," its live pleading in this Court should be **DISMISSED.**

**IT IS FURTHER ORDERED** that defendants' request for an award of all taxable costs **GRANTED in part and DENIED in part:** this Memorandum Decision and Order does not preclude defendants from filing a bill of costs, as may be permitted under 28 U.S.C. § 1920 and Rule 54(d) of the Federal Rules of Civil Procedure,[65] but otherwise does not award any specific costs or fees. The District Clerk is directed to enter final judgment in accordance with this Memorandum Decision and Order.

61. *See* docket no. 1 at 1–2.

62. *Id.*

63. *Id.*

64. Docket no. 15.

65. Rule 54(d), Fed.R.Civ.P. provides that the prevailing party shall be allowed to recover its costs as a matter of course unless the court directs otherwise. The costs that may be taxed in favor of the prevailing party are specified under 28 U.S.C. § 1920.